CITY OF TROY, Respondent, v. ROBERT KEMP, Appellant.— Appeals from orders of the Supreme Court at Special Term (1) striking out certain paragraphs of the answer as sham and frivolous and (2) granting summary judgment for the relief demanded in the complaint. (1) In pursuance of a city ordinance relating to unsafe buildings, respondent's Superintendent of Buildings notified appellant that his building was in dangerous and unsafe condition, specifying the defects and requiring appellant to make the building safe and secure within 30 days. Upon appellant's failure to comply, respondent brought action to have the building declared a public nuisance and to compel appellant to make it secure or demolish it or, upon his default, to authorize respondent to demolish it. The crucial allegations in paragraph 4 of the complaint that the building " is specially dangerous by reason of the bad condition of the walls, accumulation of rubbish and dilapidation so that the same is unsafe and constitutes a public danger and nuisance " were properly put in issue by paragraph 3 of appellant's answer, stating that " defendant denies paragraphs numbered 1, 2, 3, 4, 5 and 6 in said complaint". Nevertheless, plaintiff moved to strike out the denials as sham, upon a notice of motion and an affidavit of the Corporation Counsel containing merely the bare conclusory statements that the allegations " are sham, frivolous, irrelevant, repetitious and unnecessary and that they do [*sic*] raise a question of fact * * * and have no bearin [*sic*] whatsoever in the cause of action alleged in the complaint." Neither in the pleadings nor in the moving affidavit quoted appears any basis for the motion, insofar as the denials set forth in paragraph 3 are concerned, or for the order which granted it. (2) The motion for summary judgment was granted, as appears by the order, upon the pleadings, a notice of motion, an affidavit of the Corporation Counsel and defendant's answering affidavit. (The affidavit printed in the appendix to respondent's brief is not recited in the order but, in any event, it relates only to procedures of the Superintendent of Buildings

and does not aid the motion.) The moving affidavit recites the history of the litigation and sets forth no evidentiary facts whatsoever. Consequently the order was improperly granted. The papers before us indicate no emergency or imminent danger in respect of the condition of the building but in the very nature of the case the public interest would seem to require that the issues be resolved without delay; and the case should be noticed for trial and application made for its immediate disposition at a Regular Term or at a term to be assigned for that purpose upon proper application. Orders reversed, the reversal of that awarding summary judgment being on the law and the facts, and motion in each instance denied, without costs. Settle order. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.